IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

James A.,

            Plaintiff,

v.

Frank Bisignano, Commissioner
of Social Security,

            Defendant.

Case No. 2:24-cv-3677

District Judge Graham

Magistrate Judge Gentry

<u>Opinion and Order</u>

Plaintiff James A. filed applications for Disability Insurance Benefits and Disabled Widower's Insurance Benefits. An Administrative Law Judge (ALJ) issued a decision finding that, during the relevant time period, plaintiff was not disabled as defined by the Social Security Act. After the Appeals Council denied plaintiff's request for review, he filed the instant suit.

Plaintiff's Statement of Errors was referred to the Magistrate Judge pursuant to 28 U.S.C. §636(b) for a Report and Recommendation, which she issued on August 28, 2025. The Magistrate Judge recommended that the Commissioner of Social Security's decision denying benefits be affirmed. This matter is now before the Court for *de novo* review of plaintiff's objection to the Report and Recommendation.

The focal point of plaintiff's eligibility for benefits is his alcohol use. The Social Security Act provides that an individual "shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 1382c(a)(3)(J). An ALJ must decide whether a claimant would continue to be disabled if he stopped using alcohol. *See* 20 C.F.R. § 404.1535(b)(1). In other words, alcoholism is material (and disqualifying) if the claimant would not be disabled after ceasing to use alcohol. *See id.*

The ALJ found that the evidence, including extensive treatment records and plaintiff's own testimony, established that plaintiff had "substantial alcohol abuse for extended periods" during the

1

relevant time period. *See* Doc. No. 7-11 at PageID 2114. The ALJ further determined, based again on the medical evidence and plaintiff's testimony, that his alcoholism was a contributing factor material to the impairments he suffered (bereavement disorder, post-traumatic stress disorder, and affective and anxiety-related disorders). *See, e.g., id.* at PageID 2112 (reviewing a 2016 medical record demonstrating that plaintiff's functioning improved with sobriety). The ALJ found that alcohol use was a contributing factor material to the determination of disability and that plaintiff thus did not satisfy the definition of disabled under the Social Security Act.

In his Statement of Errors, plaintiff argued that the ALJ erred in her analysis of the medical opinions of reviewing psychologist Dr. Todd Finnerty and medical expert Dr. Allen Heinemann. Both doctors offered opinions to the effect that plaintiff's impairments and overall condition had not improved while his alcohol use was in remission The ALJ found that the opinions were not persuasive because, among other things, they were based on evidence outside of the relevant time period, were self-contradictory, and were not consistent with other medical and nonmedical evidence.

The Magistrate Judge examined whether the ALJ had properly evaluated the supportability and consistency of the medical opinions at issue. The Magistrate Judge found that the ALJ had done so and that the ALJ's findings were supported by substantial evidence. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); 42 U.S.C. § 405(g). The Magistrate Judge's Report and Recommendation thus recommended that the Commissioner's non-disability decision be affirmed.

In his objection to the Report and Recommendation, plaintiff refers broadly to the Statement of Errors and generally asserts that the ALJ failed to properly evaluate the opinion evidence. *See* Doc. 13 at PageID 2376. But plaintiff does not point the Court's attention to any specific page or argument in the Statement of Errors, nor does he specifically object to any portion of the Report and Recommendation. The Magistrate Judge's Report and Recommendation advised the parties that any objection filed must "specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections." Doc. 12 at PageID 2374. Plaintiff's objection fails to satisfy this basic requirement. *See* Fed. R. Civ. P. 72(b)(2).

2

Plaintiff's objection then turns to an argument which he has not before made. It concerns the ALJ's determination that Dr. Heinemann's opinion was unpersuasive in part because he relied on evidence outside of the relevant time period. Plaintiff argues that the ALJ's concerns about Dr. Heinemann's opinion was "something that should have been addressed at the hearing. . . . The ALJ did not make that an issue at the hearing. As such, this Court should consider that the ALJ had waived such an issue." Doc. 13 at PageID 2377. Plaintiff argues that the ALJ had an obligation to "directly question Dr. Heinemann" if she had any misgivings about his testimony. *Id.* at PageID 2378.

Plaintiff's cites no authority to support the argument that an ALJ can "waive" an issue. The cases which he cites all relate to the circumstances under which a *claimant* is deemed to have waived an argument or objection. Nor has plaintiff cited any rule or regulation – and the Court is not aware of one – which procedurally requires the ALJ to personally cross-examine an expert witness before she finds some or all of the expert's opinion to be unpersuasive.

As importantly, plaintiff's objection raises an argument that was not raised in the Statement of Errors and was not presented to the Magistrate Judge. By not including the argument in his Statement of Errors, plaintiff has waived the objection. *See Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517–18 (6th Cir. 2010) ("A claim raised for the first time in objections to a magistrate judge's report is deemed waived."); *Julie P. v. Comm'r of Soc. Sec.*, No. 2:21-CV-4170, 2022 WL 3083523, at *1 (S.D. Ohio Aug. 3, 2022), aff'd sub nom. *Pettit v. Comm'r of Soc. Sec.*, No. 22-3826, 2023 WL 3200582 (6th Cir. May 2, 2023) ("To the extent Plaintiff's objection was not raised in her Statement of Errors, Plaintiff waives the argument.").

Accordingly, plaintiff's objection (Doc. 13) to the Report and Recommendation is OVERRULED. The Report and Recommendation (Doc. 12) is hereby adopted in its entirety and the Court AFFIRMS the Commissioner's non-disability determination.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: January 27, 2026